MAHONING COUNTY BAR ASSOCIATION *v.* SINCLAIR.

[Cite as *Mahoning Cty. Bar Assn. v. Sinclair*
(2000), 88 Ohio St.3d 328.]

(No. 99–2266—Submitted February 9, 2000—Decided March 29, 2000.)

*Roth, Blair, Roberts, Strasfeld & Lodge, L.P.A.,* and *Richard B. Blair,* for relator.

*R. Allen Sinclair, pro se.*

***Per Curiam.*** We adopt the findings and conclusions of the board. As admitted by respondent, his solicitation letter to the Shures violated DR 2–101(E)(1)(c).

In determining the appropriate sanction, we consider not only the duty violated, but also the lawyer's mental state, the injury caused, and the existence of aggravating or mitigating circumstances. *Warren Cty. Bar Assn. v. Bunce* (1998), 81 Ohio St.3d 112, 115, 689 N.E.2d 566, 568; *Disciplinary Counsel v. Brown* (1999), 87 Ohio St.3d 316, 319, 720 N.E.2d 525, 528.

In *Shane,* in which attorneys also violated DR 2–101(E)(1)(c) and other Disciplinary Rules concerning their advertisements, we emphasized that a public

reprimand was appropriate because statewide advertising by attorneys in "yellow pages" containing the words "no recovery, no fée" indicated that the attorneys' "mental state was not to purposely violate the rules of the profession." *Shane,* 81 Ohio St.3d at 497, 692 N.E.2d at 574. Nevertheless, we advised members of the bar that this practice must cease. *Id.* at 498, 692 N.E.2d at 574. Unlike the respondents in *Shane,* respondent knew that his solicitation letters violated DR 2–101(E)(1)(c) and *Shane,* but he continued to use them until relator commenced its investigation of a grievance filed by the Shures.

Based on the foregoing, and despite the lack of evidence of any injury to clients and respondent's steps to cease future violations of Disciplinary Rules, we are persuaded that the board properly recommended a more severe sanction than that imposed on the respondents in *Shane.* Therefore, we adopt the recommendation of the board. Respondent is hereby suspended from the practice of law in Ohio for six months, with the suspension stayed and respondent placed on probation for one year conditioned on his compliance with the Disciplinary Rules regarding solicitation and full cooperation with a mentor selected by relator, who shall inspect and ensure that all solicitation letters, advertisements, and Internet web pages of respondent comply with the Disciplinary Rules. Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.