AKRON BAR ASSOCIATION *v.* AMOURGIS.

[Cite as *Akron Bar Assn. v. Amourgis,*
113 Ohio St.3d 32, 2007-Ohio-974.]

(No. 2006–1189—Submitted October 17, 2006—Decided March 21, 2007.)

PFEIFER, J.

{¶ 1} Respondent, Julius P. Amourgis of Akron, Ohio, Attorney Registration No. 0069140, was admitted to the practice of law in Ohio in 1998. Relator, Akron Bar Association, charged Amourgis with professional misconduct in an amended complaint filed on January 23, 2006. Amourgis answered, and a panel of the Board of Commissioners on Grievances and Discipline heard the cause, reviewed the evidence, including the parties' comprehensive stipulations, and made findings of misconduct and a recommendation. The board adopted the panel's findings of fact and conclusions of law, but made a different recommendation: that Amourgis be suspended from the practice of law for 18 months, with 12 months stayed on conditions.

## Misconduct

{¶ 2} In November 2004, Amourgis began soliciting business by sending letters to persons named as defendants in domestic-relations complaints in Summit County. At the direction of Amourgis, Amourgis's nonattorney employee Charles Buchanan reviewed the court's docket to obtain the names and addresses of the defendants in such cases and sent each defendant a form letter that had been prepared by Amourgis and that bore a copy of Amourgis's signature. The letter stated that the recipient had been named in a complaint for divorce and offered Amourgis's service as counsel. Amourgis contends that he instructed Buchanan not to send an advertisement letter to a defendant until Buchanan had reviewed the court docket and verified that service had been made on the defendant.

{¶ 3} Some letters, however, were sent before service had been verified. Jacqueline McDowell was sent an advertising letter on the day that she was named the defendant in a complaint for divorce. The letter to her stated, "As soon as you receive the court documents then you may call us at your convenience." This language establishes that Amourgis was aware that the letter might reach McDowell before she had been served with the complaint. McDowell received the letter before she was served with the complaint. Michael Nicholson received an advertising letter with the same language as the McDowell letter; he was never served with a complaint. Kara Zarle was sent an advertising letter with the same language on the day the complaint against her was filed.

{¶ 4} David P. Allerton was named a defendant in a complaint for divorce. The clerk of courts received instructions that the defendant should be personally served at his place of work several days after the complaint was filed. On the

day the complaint was filed, Amourgis sent an advertising letter with the previously quoted language.

{¶ 5} On November 22, 2004, Amourgis filed an application with the Secretary of State of Ohio to register the corporate name Phillip Edwards McCormick, P.C., with himself listed as the statutory agent for the corporation. In July and August 2005, Amourgis practiced law under the law firm name of Phillip Edwards McCormick, P.C. There is no person currently or formerly involved with the law firm with the name Phillip or Edwards or McCormick.

### Sanction

{¶ 6} In recommending a sanction for respondent's misconduct, the panel and board weighed the aggravating and mitigating factors listed in Section 10 of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg. 10"). The aggravating factors cited by the board are that respondent had a selfish motive in seeking an advantage from the early solicitation of clients, that he committed multiple offenses, and that he failed to accept responsibility for his actions. (Amourgis argued that before charging him with misconduct, the Akron Bar Association should have warned him that his conduct was in violation of the Disciplinary Rules.) The mitigating factors considered by the board were the lack of prior disciplinary actions against Amourgis, his cooperation with the investigation, and the letters attesting to his good character submitted on his behalf.

{¶ 7} The Akron Bar Association recommended that Amourgis be suspended from the practice of law for six months, with the suspension stayed on the condition that respondent work under the guidance of a mentor. The panel recommended that Amourgis be suspended from the practice of law for 12 months, with the entire period stayed on condition of his completion of 12 months of successful probation. The terms of probation were that Amourgis work under the guidance of an attorney mentor, that he be monitored during probation by the Akron Bar Association, and that he not commit any further Disciplinary Rule violations. The board adopted the panel's findings, but recommended, based on Amourgis's lack of candor and failure to demonstrate remorse, that respondent be suspended for 18 months, with 12 months stayed on the conditions specified in the panel report. Amourgis filed objections to the recommendations of the board, claiming that the recommended sanction is too harsh.

{¶ 8} We have reviewed the board's report and the record, and we accept the board's findings. We conclude that Amourgis violated DR 2–101(F)(4) (prohibiting an attorney from mailing a solicitation to a defendant in a civil action without first verifying that the party has been served with notice of the action), 1–102(A)(5) (barring conduct that is prejudicial to the administration of justice), 1–

102(A)(2) (barring an attorney from circumventing a Disciplinary Rule through the actions of another), and 2–102(B) (forbidding attorneys from practicing under a misleading name). We agree with Amourgis that the sanction recommended by the board is too harsh, and we adopt the sanction recommended by the panel, a 12–month suspension from the practice of law, with the entire suspension stayed on conditions. In cases involving similar Disciplinary Rule violations, this court has imposed sanctions involving stayed suspensions. See, e.g., *Mahoning Cty. Bar Assn. v. Sinclair* (2000), 88 Ohio St.3d 328, 725 N.E.2d 1114 (six-month stayed suspension and one year of probation for violating DR 2–101 by sending solicitation letters that did not disclose the possible consequences of an adverse verdict or decision in a contingent-fee arrangement). Amourgis is hereby suspended from the practice of law for 12 months. The entire suspension is stayed, however, provided that Amourgis (1) commits no further misconduct during the suspension period and (2) completes 12 months of probation during which he follows the guidance of an attorney monitor appointed by the Akron Bar Association. If Amourgis violates these conditions, the stay will be lifted, and he will serve the entire term as a period of actual suspension. Costs are taxed to Amourgis.

Judgment accordingly.

GRENDELL, LUNDBERG STRATTON and LANZINGER, JJ., concur.

O'DONNELL, J., concurs in judgment only.

MOYER, C.J., and O'CONNOR, J., dissent.

DIANE V. GRENDELL, J., of the Eleventh Appellate District, was assigned to sit for RESNICK, J., whose term ended on January 1, 2007.

CUPP, J., whose term began on January 2, 2007, did not participate in the consideration or decision of this case.

---

**MOYER, C.J., dissenting.**

{¶ 9} I respectfully dissent from the majority opinion with respect to the sanction imposed on respondent. The board recommended that respondent be suspended for 18 months, with 12 months stayed, because of respondent's lack of candor and failure to demonstrate remorse. While the majority concludes that the board's recommendation is too harsh, I agree with the board and would suspend respondent from the practice of law for 18 months, with 12 months stayed on the conditions specified in the panel report.

O'CONNOR, J., concurs in the foregoing opinion.

Nathan A. Ray and Terry D. Zimmerman, for relator.

Dennis J. Bartek, for respondent.